**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| EXACTA FRAC ENERGY SERVICES, INC. AND GRAYHAWK TOOLS INTERNATIONAL, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>PAUL BERNARD LEE,<br><br>    Defendant. | )<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)   **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

**EXACTA FRAC ENERGY SERVICES, INC. AND GRAYHAWK TOOLS
INTERNATIONAL, LLC'S COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Exacta Frac Energy Services, Inc. and GrayHawk Tools International, LLC ("Plaintiffs") file this Original Complaint against Defendant Paul Bernard Lee ("Defendant") as set forth below:

**THE PARTIES**

1. Plaintiff Exacta Frac Energy Services, Inc is a corporation organized under the laws of the State of Texas, with its principal place of business at 13618 Poplar Circle, Suite 102, Conroe, Texas 77304. Plaintiff Exacta Frac Energy Services, Inc. is registered to do business in the State of Texas.

2. Plaintiff GrayHawk Tools International, LLC is a corporation organized under the laws of the State of Texas, with its principal place of business at 13618 Poplar Circle, Suite 102, Conroe, Texas 77304. Plaintiff GrayHawk Tools International, LLC is registered to do business in the State of Texas.

3.  On information and belief, Defendant Paul Bernard Lee is an individual and is a resident and citizen of Canada that resides at 180 Swick Road, Kelowa British Columbia, V1W 4J5, Canada.

## JURISDICTION AND VENUE

4. This is a declaratory judgment action brought by Plaintiffs pursuant to 28 U.S.C. §§ 2201 and 2202 seeking a declaration that Plaintiffs do not infringe, induce infringement, or contribute to the infringement of U.S. Patent Nos. 9,187,989 ("the '989 Patent") and 9,869,163 ("the '163 Patent") (attached hereto as Exhibits A and B, respectively) (collectively, "the Patents-in-Suit").

5. On information and belief, Defendant is the owner of the Patents-in-Suit. Defendant has raised at least a reasonable apprehension of the filing of a lawsuit against Plaintiffs, resulting in the establishment of a case or controversy between the parties relating to the Patents-in-Suit as set forth below. Accordingly, this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 283-85.

6. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7. This Court has personal jurisdiction over Defendant and venue is proper under 28 U.S.C. §§ 1391 and 1400 because Defendant threatened suit for patent infringement in correspondence to Plaintiffs who reside within the District and because Defendant is not a resident of the United States.

## BACKGROUND AND CONTROVERSY BETWEEN THE PARTIES

8. Plaintiffs are oilfield services companies that develop and build completion tools in the United States for the oil and gas industry, including, but not limited to, the ExactaStim device.

9. On information and belief, Defendant is the owner of all rights, title and interest in and to the Patents-in-Suit.

10. On June 19, 2019, Defendant, through his attorneys, sent Plaintiffs a letter alleging that Plaintiffs infringe the Patents-in-Suit. *See* Ex. C.

11. Specifically, Defendant alleged that Plaintiffs ExactaStim device "is covered by . . . claims 1-3 and 6 of the '989 Patent and claims 1-3, 5-6, 15-17, 20-21, and 24-25 of the '163 Patent." *Id*. Defendant's letter demanded that Plaintiffs "cease-and-desist all infringement" and threatened to "proceed with legal action in federal court to enforce [Defendant's] rights in the [Patents-in-Suit]" if Plaintiffs failed to comply within five business days. *Id*.

12. Therefore, Plaintiffs bring this suit based on an actual, substantial, and continuing justiciable controversy existing between Plaintiffs and Defendant relating to the Patents-in-Suit that requires a declaration of rights by this Court.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment of No Infringement of Any Claim of the '989 Patent

13. Plaintiffs restate, reallege, and incorporate by reference the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. Plaintiffs have not infringed (literally or under the doctrine of equivalents), do not infringe, have not induced others to infringe, and do not contribute to the infringement, directly or indirectly, of any claim of the '989 Patent.

15. The acts described in the foregoing paragraphs create a substantial controversy of sufficient immediacy and reality to warrant a finding of declaratory judgment of no infringement of any claim of the '989 Patent.

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment of No Infringement of Any Claim of the '163 Patent

16. Plaintiffs restate, reallege and incorporate by reference the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. Plaintiffs have not infringed (literally or under the doctrine of equivalents), do not infringe, have not induced others to infringe, and do not contribute to the infringement, directly or indirectly, of any claim of the '163 Patent.

18. The acts described in the foregoing paragraphs create a substantial controversy of sufficient immediacy and reality to warrant a finding of declaratory judgment of no infringement of any claim of the '163 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

19. For a declaratory judgment that Plaintiffs do not infringe, induce infringement, or contribute to the infringement U.S. Patent No. 9,187,989;

20. For a declaratory judgment that Plaintiffs do not infringe, induce infringement, or contribute to the infringement U.S. Patent No. 9,869,163; and

21. For such other and further relief as the Court in its discretion deems appropriate.

## JURY DEMAND

22. Plaintiffs hereby demand a trial by jury on all issues triable to a jury as a matter of right.

**JACKSON WALKER, LLP**

Dated: July 8, 2019

By: /s/ *Brian Buss*
Brian Buss (Attorney-in-Charge)
Texas State Bar No. 00798089
S.D. Texas No. 21735
Email: bbuss@jw.com

Chris N. Cravey
Texas State Bar No. 24034398
S.D. Texas No. 37696
Email: ccravey@jw.com
**JACKSON WALKER, LLP**
1401 McKinney Street, Suite 1900
Houston, TX  77010
(713) 752-4200

Glenn Phillips
Texas State Bar No. 15924900
S.D. Texas No. 4908
**PHILLIPS & GILCHRIST, LLP**
1003 Stone Road
Kilgore, TX  75662
(903) 984-3300
gphillips@cablelynx.com

*Attorneys for Plaintiffs*
*Exacta Frac Energy Services, Inc.*
*GrayHawk Tools International, LLC*